AFRICAN-AMERICAN IMPORTING COMPANY, INC., Plaintiff, *v.* ABRAHAM WERBELOVSKY, Doing Business under the Firm Name and Style of J. H. WERBELOVSKY's SON, Defendant.

Supreme Court, New York County, April 17, 1924.

Sales — action by buyer for breach of contract by seller to pack glass — Personal Property Law, § 130, requiring reasonable notice of breach of contract not limited to technical warranties — said provision applies to collateral engagement to pack glass — failure of buyer to give notice of breakage for nearly three years precludes recovery.

Section 130 of the Personal Property Law, requiring the buyer after acceptance of goods to give reasonable notice of the breach of any promise or warranty in the contract, is not limited to technical warranties but applies to a collateral engagement to pack goods.

Accordingly, in an action by a buyer to recover damages for breakage caused by seller's alleged breach of a promise in the contract of sale to pack glass for export the failure of the buyer to give notice of breakage for more than three years precludes his recovery.

ACTION to recover damages for breach of contract.

*A. Bertram Samuels* (*I. Maurice Wormser* and *John E. Leddy*, of counsel), for the plaintiff.

*Levy, Gutman & Goldberg* (*George Goldberg*, of counsel), for the defendant.

PROSKAUER, J.  The buyer seeks damages for breakage caused by seller's alleged breach of a promise in the contract of sale to pack glass for export.  Two fifty-foot cases were nailed together to make the equivalent of a one-hundred-foot case.  At the time of shipment in 1918 plaintiff's claim that this caused excessive freight charge was adjusted by allowance of $500.  The first written notice of breakage was given in 1921.  Plaintiff asserts that telephone notice was given shortly after shipment.  The 1921 letter corroborates defendant's denial of this assertion.  It does not refer to the telephone conversation.  It states, " I have this day received advices \* \* \* that the consignment of glass \* \* \* was received in very bad condition \* \* \*.  In view of the above I must inform you that we herewith give you notice of the defective condition of said glass and hereby make claim upon you for damages by reason of the said breakage."

This is the language of a first notice, not of written confirmation of prior oral notice.  Apparently plaintiff believed that the $500 settlement precluded recovery for breakage and awoke to the possibility of such right only when in 1921 (as I infer from the legal phraseology of the letter) he consulted counsel.  I find that no notice was given until 1921.

Aside from grave doubt whether there is preponderating evidence of defective packing and satisfactory proof of damage, plaintiff failed to give notice within reasonable time.

Contention that section 130 of the Personal Property Law applies only to technical warranties and not to a collateral engagement to pack, is unsound.  It relates to " breach of any *promise* or warranty" in the contract.  The section is intended to end the former distinctions between express and implied warranties.  To adopt the similar refinement here urged would be retrogression in sales law.  " Business practice," the basis of the statute (Williston Sales, § 484), and the explicit language of section 130 require the buyer after acceptance of the goods to give reasonable notice of breach of any promise in the contract.

Verdict directed for defendant.

Judgment accordingly.